**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ASSOCIATED INDEMNITY ) <br> CORPORATION, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> CULLIGAN INTERNATIONAL ) <br> COMPANY, ) <br> ) <br> Defendant. ) | No. 12 C 3935 <br><br> Senior U.S District Court Judge <br> George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Associated Indemnity Corporation ("AIC"), as subrogee of Florine Mark, (Mark), filed a three count complaint in the Circuit Court of Oakland County, Michigan, alleging claims for negligence (Count I), breach of contract (Count II), and breach of warranty (Count III) against defendant Culligan International Company. The action was first removed to the United States District Court for the Eastern District of Michigan and then transferred to this court on stipulation of the parties to transfer venue. The claims are premised on water damage to Mark's residence on December 1, 2009, allegedly resulting from defendant's service or repair instructions for an improperly working Culligan water system. Defendant filed an answer and has moved for judgment on the pleadings. Fed. R. Civ. P. 12(c).

According to the complaint, Florine Mark purchased a Culligan water system on or about December 10, 2008. The order Mark signed was for the sale and installation of Culligan water equipment and salt delivery. The Customer Order does not include or mention any type of service or maintenance plan, but plaintiff's response memorandum indicates that documentation

from Culligan indicates Mark paid for an additional Premier Care Plan as recently as June 16, 2010.

Defendant's motion for judgment on the pleadings is governed by Federal Rule of Civil Procedure 12(c) which provides that "after pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." When ruling on a Rule 12(c) motion, the court "deals only with questions of law arising" from the facts set forth in the pleadings. *Friedman v. Washburn Co.*, 145 F.2d 715, 717 (7th Cir. 1944).

Plaintiff states there is a question of fact as to whether the customer order applies to defendant's work, and thus whether the original sales contract's one year limitation on claims is applicable. However, the original contract contains an integration clause providing that the contract represents the "entire contract" regarding "sale, rental, servicing, and maintenance" and that it "may be amended only by a written agreement signed by both" customer and dealer. Because plaintiff does not allege that the terms and conditions of the contract were amended in writing, the original terms of the contract govern plaintiff's claims against defendant.

Section Fourteen of Culligan's sales contract states that:

> No claim may be asserted against any of the Dealer Parties unless the injury, loss or damage giving rise to the claim occurs during the term and no action thereon may be instituted or maintained unless you initiate it within one year after the date that the cause of action first accrues. These limitations apply whether the liability is based on contract, tort, strict liability or any other theory.

"[P]arties to a contract may agree upon a shortened contractual limitations period to replace a statute of limitations, as long as it is reasonable." *Medrano v. Production Engineering Co.,* 266 Ill.Dec. 265, 269 (2002). Neither party here contests the reasonableness of the one year limitation period established by the customer order. The terms of the order thus bars any action

12 C 3935

on plaintiff's December 2, 2009, initiated after December 1, 2010. Defendant's motion for judgment on the pleadings will therefore be granted and the complaint dismissed.

Plaintiff argues in its response that "it is unknown at this time whether an additional or separate contract or order for service or maintenance was entered into by Culligan and Mark." The complaint is not premised on such an additional or separate contract and so may not survive judgment on the pleadings on the basis of such a contract's possible existence.

**ORDERED:** Defendant Culligan International Company's motion for judgment on the pleadings [13] is granted. Plaintiff's complaint is dismissed in its entirety. In case it is possible to properly plead claims based on a separate contract, plaintiff is granted leave to file an amended complaint on or before September 28, 2012.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: September 18, 2012